UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**MICHAEL T. WEST,**

        **Plaintiff,**       **CASE NUMBER: 07-10269**
                                      **HONORABLE VICTORIA A. ROBERTS**

**v.**

**THE SALVATION ARMY,**
**TIM HUNT, JAMES MCSPADDEN, et al,**

        **Defendants.**
_____/

## ORDER

This matter is before the Court on Michael T. West's ("Plaintiff") Motion for Appointment of Counsel. The Court granted Plaintiff *informa pauperis* status and *sua sponte* dismissed his complaint on January 25, 2007. On January 30, 2007, Plaintiff *pro se* filed an amended complaint. He now requests counsel to assist him in responding to Defendants' Motion to Dismiss.

Under 28 U.S.C. § 1915(e)(1), the court "may" appoint counsel to an indigent plaintiff. This decision is within the sole discretion of the district court as there is no constitutional or statutory right to have counsel appointed under the *informa pauperis* statute. *Johnson v. Doughty*, 433 F.3d 1001 (7th Cir. 2006). Appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1) is not appropriate when a *pro se* litigant's chances of success are extremely slim or highly dubious. *Pena v. Choo*, 826 F.2d 168 (2d Cir. 1987)(holding that the court may deny a plaintiff's motion for appointment of counsel if it

1

concludes that the plaintiff's chances of success are highly dubious – even where the plaintiff's assertions are sufficient to avert summary judgment).

The Court recognizes that *pro se* complaints, such as Plaintiff's, must be liberally construed and "must be held to 'less stringent standards than formal pleadings drafted by lawyers.'"  *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)(quoting *Haines v. Kerner*, 404 U.S. 519 (1972)); *Harris v. Johnson,* 784 F.2d 222, 224 (6th Cir. 1986).  However even liberally reading Plaintiff's complaint, the Court concludes that his chances of success on the merits are highly dubious.

Given the merits of his claims, the Court further finds that it is highly unlikely that an attorney could be persuaded to accept Plaintiff's case on a *pro bono* basis. Examining the pleadings, the complexity of the case, and Plaintiff's ability to present comprehensible and well-organized pleadings, it is clear that this case is not so "exceptional" that appoint of counsel is required.  *Henry v. City of Detroit Manpower Dep't*, 763 F.2d 757, 760 (6th Cir.1985).

Accordingly, the Court declines to appoint counsel and **DENIES** Plaintiff's motion.

**IT IS ORDERED**.

                                                S/Victoria A. Roberts
                                              Victoria A. Roberts
                                              United States District Judge

Dated:  May 2, 2007

The undersigned certifies that a copy of this document was served on the attorneys of record and Plaintiff by electronic means or U.S. Mail on May 2, 2007.

S/Linda Vertriest
Deputy Clerk