**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

MICHAEL T. WEST,

        Plaintiff(s),         CASE NUMBER: 07-10269
                                              HONORABLE VICTORIA A. ROBERTS

v.

SALVATION ARMY, et al.,

        Defendant(s).
_____/

**ORDER**

This matter is before the Court on Plaintiff Michael T. West's Motion for Relief from Judgment Pursuant to F.R. Civ. P. 60(b)(2), Motion to Vacate Judgment issued October 16, 2007, and Motion to Reinstate Discovery Proceedings. For the reasons stated below, Plaintiff's motions are **DENIED**.

Plaintiff filed a complaint against Defendants Salvation Army, Tim Hunt and Jim McSpadden alleging that he was fired from his job with the Salvation Army because of his race (African American) in violation of Title VII, 42 U.S.C. § 2000e-5(e). On June 27, 2007, the Court granted Defendants' Motion to Dismiss Plaintiff's complaint and entered a judgment in their favor and against Plaintiff. Defendants claimed and submitted evidence that Plaintiff was fired because he only disclosed one of his four criminal convictions on his employment application. Plaintiff asserted that his response to the conviction inquiry on the application was truthful because he was only asked if he had a criminal conviction, not how many. The Court held that Defendant Salvation

1

Army's claim that it fired Plaintiff for falsifying his application was a legitimate, non-discriminatory reason which Plaintiff failed to rebut with evidence of pretext. The Court also dismissed Plaintiff's claims against Hunt and McSpadden, who authorized his termination, because neither qualified as an "employer" subject to suit under Title VII.

Plaintiff filed a motion for relief from judgment pursuant to a Michigan rule of civil procedure--the catchall provision of M.C.R. §2.612(C)(1)(f), which permits a state court to relieve a party from a judgment for any reason not set forth in (C)(1)(a) through (e) that "justif[ies] relief from the operation of the judgment." The Court presumed that Plaintiff, who is acting *in pro per*, intended to file his motion under the identically worded federal counterpart to the Michigan court rule--FRCP 60(b)(6). Therefore, the Court construed Plaintiff's motion under FRCP 60(b)(6), but found that Plaintiff failed to establish grounds for relief from judgment under that provision.

Plaintiff now asserts that the Court incorrectly construed his intentions. He claims that he intended to bring his motion under FRCP 60(b)(2), which allows the Court to relieve a party from a final judgment if there is "newly discovered evidence which by due diligence could not have been discovered in time to move for new trial under [FRCP] 59(b)." Per Plaintiff, the new evidence (which was attached to his prior motion for relief from judgment) is an employment application for Little Caesar's Pizza he obtained while looking for work. Plaintiff contends that the Little Caesar's Pizza application clearly asks an applicant to list all felony convictions, contrary to the Salvation Army application which he contends was not clear in that respect. Plaintiff asserts that the contrast in the clarity of the applications demonstrates that his failure to indicate on the Salvation Army application that he had four convictions was not a falsity.

Therefore, Plaintiff contends that the Salvation Army, in fact, failed to establish a legitimate, non-discriminatory reason for his discharge. He asks that the Court vacate its October 16, 2007 Order (and presumably the June 27, 2007 Order) and reinstate discovery proceedings.

Plaintiff's motion for relief from judgment is **DENIED**. Even if it is presumed that the Little Caesar's application is "new evidence" and that Defendant's application was ambiguous as Plaintiff claims, the fact of the ambiguity alone does not prove or raise a question of fact regarding whether the reason Defendant gives for firing Plaintiff is a pretext for discrimination. That is, "a reason cannot be proved to be 'a pretext *for discrimination*' unless it is shown *both* that the reason was false, *and* that discrimination was the real reason." *St. Mary's Honor Center v Hicks*, 509 U.S. 502, 515-516 (1993)(emphasis in original). The contrasting language in the Little Caesar's employment application does not prove or suggest that race was a factor in the decision to terminate Plaintiff and he does not offer other evidence which supports such a finding. Therefore, the outcome of Defendants' Motion to Dismiss would not have been different even if Plaintiff's "new evidence" had been presented. Relief from judgment is not warranted.

For the same reasons, Plaintiff's Motions to Vacate Judgment issued October 16, 2007 and to Reinstate Discovery Proceedings are **DENIED**.

**IT IS ORDERED.**

                               s/Victoria A. Roberts
                               Victoria A. Roberts
                               United States District Judge

Dated: January 9, 2008

The undersigned certifies that a copy of this document was served on the attorneys of record and Michael West by electronic means or U.S. Mail on January 9, 2008.

s/Linda Vertriest
Deputy Clerk